NIEMEYER, Circuit Judge,
concurring:
I write this separate concurring opinion on my conviction that Mingo Logan’s challenge to the standard for rebutting the § 921(c)(4) presumption should have been addressed. And in addressing it, I would hold that the rebuttal standard announced by the Board was erroneous, as demonstrated both by the explicit language of § 921(c)(4) and the Supreme Court’s holding in Usery.
The Board stated that it was applying to Mingo Logan the limiting rebuttal standard applicable to the Secretary, failing to recognize that in Usery, the Supreme Court held that the standard applicable to the Secretary did not apply to employers. Only because it applied the limiting standard clumsily in this case — and thus considered all methods of rebutting the § 921(c)(4) presumption that Mingo Logan offered — have we been able to resolve this appeal without addressing the standard. But this quirk, which was uncovered only by a close reading of the Board’s opinion, leaves sufficient doubt about the issue that we should resolve it.
I now write to demonstrate why the standard announced by the Board was erroneous.
As we point out, under § 921(c)(4), if the miner shows that he worked 15 years or more in underground coal mines and that he suffers from a totally disabling respiratory or pulmonary impairment, a rebuttable presumption arises that the miner “is totally disabled due to pneumoconiosis.” In the absence of credible rebuttable evidence, the miner would then be entitled to benefits.
The Board indicated that Mingo Logan could rebut the § 921(c)(4) presumption only by showing either (1) that Owens did not have pneumoconiosis or (2) that his impairment did not arise out of, or in connection with, his coal mine employment. In doing so, the Board referenced the statutory language: “The Secretary may rebut such presumption only by establishing that (A) such miner does not, or did not, have pneumoconiosis, or that (B) his respiratory or pulmonary impairment did not arise out of, or in connection with, employment in a coal mine.” 30 U.S.C. § 921(c)(4).
As noted above, the parties disagree on whether the Board announced the correct rebuttal standard for employers. Mingo Logan argues that the Board improperly applied to it the rebuttal limitations of § 921(c)(4) because the plain text shows *560 that those limitations apply only when the “Secretary” seeks to rebut the presumption. See Usery, 428 U.S. at 35, 96 S.Ct. 2882. By applying the rebuttal limitations to it, Mingo Logan argues, the Board denied it the chance to rebut the presumption with evidence that pneumoconiosis did not came the miner’s total disability. Relying on how 20 C.F.R. § 718.204(c)(1) defines this causation standard, it reasons that the Board’s standard effectively denied it the opportunity to show that Owens’ disability was caused by idiopathic interstitial fibrosis and that his pneumoconiosis was so mild as not to “substantially contribute” to his disability. Id.
Owens and the Director of the Office of Workers’ Compensation Program contend that the standard announced by the Board was appropriate even if the statutory language does not directly apply to the employer, because the methods of rebuttal articulated in § 921(c)(4) are the only logical methods by which the presumption can be rebutted. In short, they argue that the statute’s “rebuttal limitations” are actually not limitations at all.
Resolution of the parties’ differences requires comparing the four claim elements necessary to establish a claim for benefits and the rebuttal methods contained in § 921(c)(4).
As we have already pointed out, to establish entitlement to benefits, a claimant must show that (1) he has pneumoconiosis; (2) his pneumoconiosis arose out of coal mine employment; (3) he has a total disability; and (4) his pneumoconiosis caused the total disability. Thus, claim elements (1) and (3) are existential elements, requiring the existence of pneumoconiosis and the existence of total disability, while claim elements (2) and (4) articulate causal relationships.
Relating the claim elements to § 921(c)(4), when the miner proves 15 years of coal mine employment and claim element (3), ie., the total disability element, a rebuttable presumption arises that the miner is totally disabled due to pneumoconiosis. Thus, with this provision, the miner presumptively satisfies claim elements (1) (the existence of pneumoconiosis), (2) (pneumoconiosis arose out of coal mine employment), and (4)
(pneumoconiosis caused the total disability). Because the presumption is rebuttable, the coal mine operator would logically be entitled to defeat it by introducing evidence rebutting any of those three claim elements.
Because the statute specifies that the Secretary may rebut the presumption only by showing that the miner does not have pneumoconiosis (rebutting claim element (1)) or that there is no connection between the miner’s disability and his coal mine employment, it imposes a higher standard for rebuttal than would otherwise be logically permissible to rebut claim element (4). Claim element (4) could logically be rebutted by showing that the miner’s pneumoconiosis was not a substantially contributing cause of his total disability, even if it contributed some minimal amount to his impairment. See 20 C.F.R. § 718.204(c)(1). In this way, the statute limits the Secretary’s ability to rebut claim element (4). But the statute is silent about the scope of an employer’s rebuttal, and the employer’s methods of rebuttal are thus not limited. Consequently, because the presumption covers claim elements (1), (2), and (4), the employer may carry its burden by introducing evidence rebutting any of these elements, without limitation.
Owens and the Director failed to appreciate the statutory language and the logic of § 921(c)(4), claiming that the Secretary’s rebuttal methods are also the employer’s only logical rebuttal methods, especially when the various elements of a claim are examined through their definí *561 tions. But the straightforward language of § 921(c)(4) belies their position, as noted. Moreover, the Supreme Court has confirmed the existence of a limitation on the Secretary that does not apply to the employer, necessarily recognizing that rebuttal methods (A) and (B) identified in § 921(c)(4) are not logically equivalent to the methods that would otherwise be available.
In Usery, the Court actually stated that the rebuttal methods of § 921(c)(4) were limiting. Usery, 428 U.S. at 34, 96 S.Ct. 2882. And precisely because they were limiting, the coal mine operators involved in Usery made the same argument that Mingo Logan makes here:
The Operators contend that this limitation erects an impermissible irrebuttable presumption, because it establishes liability even though it might be medically demonstrable in an individual case that the miner’s pneumoconiosis was mild and did not cause the disability — that the disability was wholly a product of other disease, such as tuberculosis or emphysema. Disability due to these diseases, as the Operators note, is not otherwise compensable under the Act.
Id. at 34-35, 96 S.Ct. 2882. Accepting the legitimacy of the operators’ argument, the Court held:
[W]e think it clear as a matter of statutory construction that the [§ 921(c)(4) ] limitation on rebuttal evidence is inapplicable to operators. By the language of [§ 921(c)(4) ], the limitation applies only to “the Secretary” and not to an operator seeking to avoid liability [for benefits].
Id. at 35, 96 S.Ct. 2882.
Accordingly, I would conclude that the Board announced and purported to apply to Mingo Logan rebuttal limitations that applied only to the Secretary and that, in this respect, it erred as a matter of law.